SAKS & CO. v. IFE.

(Supreme Court, Appellate Term. May 27, 1912.)

LIMITATION OF ACTIONS (§ 197*)—PLEA—PROOF.

Where, in an action brought in January, 1912, for the price of goods sold, defendant pleaded limitations, but there was no evidence that the goods were purchased six years prior to the action, it was error to dismiss the complaint, though it failed to allege when the goods were sold, and the only evidence on that question was plaintiff's collector, who testified that he called on defendant to collect the bill in July, 1906.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 722–726; Dec. Dig. § 197.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Saks & Co. against Walter W. Ife. Judgment for defendant, and plaintiffs appeal. Reversed, and new trial ordered.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Charles La Rue, of New York City, for appellants.
Walter W. Ife, of New York City, in pro .per.

PER CURIAM. The original summons in this case was issued on December 20, 1911, and the last alias summons was issued on January 2, 1912, served on January 3d, and was returnable on the 12th. The pleadings were verified, and the second paragraph in the complaint alleges that:

"Prior to February 28, 1906, the plaintiff, at the request of the defendant, sold and delivered to him wearing apparel, for which the defendant promised to pay the agreed price and reasonable value, but which he failed and neglected to pay, leaving due and unpaid therefor on February 28, 1906, the sum of $111.17."

The defendant's answer, in paragraph 2, alleges:

"For the purpose of this pleading, admits the allegation in paragraph 2 of the complaint."

After this admission, the answer set up the statute of limitations and payment. At the trial, a collector for the plaintiff testified that he called upon the defendant on July 31, 1906, and showed his bill, and that he also called on him on July 24, 1906; that undoubtedly the goods charged in the bill were sold prior to that time, but, as to the time, he knew nothing about it. This was all the testimony given as to when the goods were purchased. The court below, however, upon the motion of the defendant, dismissed the complaint, substantially upon the ground that the complaint did not state when the goods were sold.

The statute of limitations and the plea of payment are both affirmative defenses, and must be proven. There was no evidence in the case that the goods were purchased six years prior to the commencement of the action. It was, therefore, error to dismiss.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes